THE MINNESOTA AND NORTH WESTERN RAIL ROAD COMPANY, Appellants, *vs.* EDMUND RICE, Respondent.

APPEAL FROM THE DISTRICT COURT OF DAKOTA COUNTY.

Edmund Rice, the Plaintiff in the Court below, brought sui

in the District Court of Dakota County, against the Defendants, "The Minnesota and North Western Rail Road Company," for trespass upon certain lands in said County belonging to the Plaintiff, and for cutting down and carrying away certain trees from off said lands, for which he claims damages in the sum of twenty-two hundred dollars.

The Defendants, in their answer, set forth the act of the Legislature of the Territory of Minnesota, entitled "An Act to "incorporate the Minnesota and North Western Railroad "Company," approved March 4, 1854, and state that at the time of the alleged trespasses, said act was in full force, and that the said Company had duly accepted the said Charter and given notice thereof to the Governor of the Territory; that they had opened books and received subscriptions to the capital stock of said Company, of which ten per cent. had been paid.

The Defendants further set forth in full the act of Congress, entitled "An Act to aid the Territory of Minnesota in the con- "struction of a Rail Road therein," approved June 29th, 1854.

That afterwards, the said Defendants had fully organized by the election of Directors, &c., as required by the said Charter.

They further set forth in their answer, "An Act to amend "an act entitled an act to incorporate the Minnesota and North "Western Rail Road Company," which act was passed by a two-thirds vote in both branches of the Territorial Legislature, February 17, 1855.

Also, "An Act granting an extension of time to the Minne- "sota and North Western Rail Road Company, and for other "purposes," approved March 1, 1856.

The Defendants further state that this last act was duly accepted by said Company, and notice of such acceptance given to the Governor, and that on the 20th day of October, 1855, and while the parcels of land upon which the trespasses mentioned in the complaint are therein alleged to have been committed, were the property of the Government of the United States, the said Defendants had caused a survey of the route of said Rail Road to be made, within the limits of the route contemplated by said act of Congress and of the Territorial

Legislature, and had located said route between Saint Paul and the Southern line of said Territory; and that the same passed over and across the property upon which the said trespasses are alleged to have been committed. That the said parcels of land being parts of sections designated by an odd number, upon the line of said road, were, at the time of said survey and location, portions of sections granted to said Territory by said act of Congress. That the Plaintiff had purchased and entered said lands of the United States Government on the 1st day of January, 1856, and long after such location and survey.

And the Defendants justify the alleged trespasses mentioned in the complaint, as being incident and necessary to the construction and location of said Rail Road, and aver that they had the lawful right to enter said lands, and to cut down and carry away the trees from the track of said road.

The Plaintiffs, in their Reply, allege that after the officers and directors of said Company were elected and had entered upon the discharge of their duties, but *before* the said trespass was committed—to wit: on the fourth day of August, 1854, the said act of Congress referred to in the answer, was repealed by an act of Congress entitled "An Act for the relief of "Thomas Bronaugh, and for the repeal of the act to aid the Ter-"ritory of Minnesota in the construction of a Rail Road "therein."

The Defendants demurred to this Reply, because the act of Congress therein set forth is void and of no effect so far as it relates to the repeal of the act approved June 29, 1854, set forth in the answer.

The District Court (Judge Chatfield) overruled the demurrer, and judgment was afterwards entered in favor of the Plaintiff, the damages to be assessed by a writ of inquiry.

The Defendants appealed to the Supreme Court.

Points and authorities relied upon by the Appellants :

*First.* By the act of Congress approved June 29, 1854, granting certain lands to the Territory of Minnesota to aid in said Territory in constructing a Rail Road, the Territory, "*eo instanti*," upon the passage of the act, acquired an interest

and property in the lands granted, which the Territory could grant and convey.

*Second.* By the act of the Legislature of Minnesota, approved March 4, 1854, incorporating the Minnesota and North Western Rail Road Company, the said Company acquired an interest and property in all the land subsequently granted by Congress to the Territory for the purposes of the Road; which interest became vested in said Company immediately upon the passage of the act of Congress and the organization of the Company.

*Third.* The second section of the act of Congress, passed August 4, 1854, repealing the first mentioned act of Congress, is repugnant to the Constitution of the United States, and also to great and fundamental principles which have been recognized as binding from time immemorial, wherever the Common Law prevails.

Points and authorities relied upon by the Respondents:

*First.* No title to the lands granted by Congress by the act of June 29, 1854, vested in the Territory of Minnesota, or could vest.

*Second.* The Defendants acquired no rights under the act of incorporation and the act of Congress.

*Third* No rights having vested, Congress could resume the grant, and the repealing act was valid and effectual.

Geo. L. Otis, Counsel for Appellants.

I. V. D. Heard, Counsel for Respondent.

The judgment of the District Court was reversed.
[No opinion on file.]